IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


TONY LEE SMOAKS,

      Petitioner,

v.                                       CASE NO. 1:10-cv-133-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Counsel entered an appearance for Petitioner and filed a memorandum in support of the Petition. Doc. 7. The Respondent filed a response and an appendix with relevant portions of the state-court record. Doc. 16. Petitioner was afforded an opportunity to file a reply, but did not do so. Upon due consideration of the Petition, the Response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

The proceedings giving rise to the Petition are summarized in Petitioner's memorandum, Doc. 7. Petitioner was charged by amended information with armed burglary of an occupied dwelling (count one) and aggravated battery (count two). According to the trial transcript (Appendix Exhibit B to the Response), Petitioner and his

_____

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

wife, Susan Smoaks, lived in an apartment complex near Joel Acevedo.   On August 25, 2005, while in Acevedo's apartment, Petitioner asked Acevedo to pay Petitioner some money owed for a DVD. Acevedo responded by picking up a kitchen knife and pointing it at Petitioner.  Petitioner left the apartment and returned with a pipe. Acevedo still had the knife in his hand. Petitioner struck Acevedo in the face and left him unconscious.

Acevedo called 911 and a police officer responded, but Acevedo told the officer he had run into a door.  Petitioner called the police to report that he had been assaulted with a knife by Acevedo.  Police Officer Joey Devore responded to the call and Petitioner stated that upon being threatened with the knife he struck Acevedo in the face with his fist.  Petitioner admitted that he had a pipe but stated that he only used it to strike Acevedo in the ribs.  Petitioner gave the pipe to Officer Devore.

Officer Devore interviewed Acevedo in the hospital.  Acevedo told police that petitioner had struck him with the pipe.  Acevedo suffered multiple bone fractures to the left side of his face.  The facial injuries observed by the emergency room doctor were consistent with blunt force trauma, including from a pipe.

The State called four witnesses at trial: Acevedo, Devore, and Drs. Douglas Coran and Mary Griffen.  Petitioner did not present any witnesses.   Petitioner was found not guilty of burglary and guilty of aggravated assault.  He was sentenced as a Prison Releasee Reoffender to a mandatory term of fifteen years' imprisonment.  The First DCA affirmed without opinion.  App. Exh. I.

Petitioner unsuccessfully sought sentencing relief under Fla. R. Crim. P. 3.800(a). App. Exh. K-P.   He filed a Fla. R. Crim. P. 3.850 motion that was summarily denied without prejudice.  App. Exh. Q-V.  He filed a second Rule 3.850 motion that was

summarily denied.  The First DCA affirmed without opinion.  App. Exh.  X-DD.

The instant Petition, which Respondent concedes is timely, followed.  Petitioner asserted five grounds for relief in his *pro se* Petition.  Doc. 1.  In his counseled memorandum in support of the Petition, Petitioner expressly abandons Grounds Four and Five.  Grounds One, Two, and Three assert claims of ineffective assistance of trial counsel.  Doc. 7.

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir.

2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified

how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id*. at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it.

*Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

Because Petitioner's claims allege ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id.*

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments

or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## Discussion

### *Claim 1: Failure to call Petitioner's wife as a witness*

Petitioner contends that his counsel rendered ineffective assistance by failing to call his wife, Susan Smoaks, as a witness to testify that Petitioner acted in self-defense. He argues that had the state court conducted an evidentiary hearing on his claim, Ms. Smoaks could have explained discrepancies in a statement she gave regarding the incident and the testimony of other witnesses at trial. Doc. 7.

In rejecting this ineffective-assistance claim on postconviction review, the state court determined that based on Susan Smoaks' statement, the only issue on which her testimony could have been used was her assertion that Petitioner acted in self-defense when the victim threatened him with a knife. However, her statement also indicated that the incident occurred in *Petitioner's* apartment, when all other evidence was to the contrary. *See* Doc. 7 Exh. 1. Given the manifest lack of credibility in the statement, the court concluded that there was not a reasonable probability that her testimony would have affected the outcome of the trial.

Petitioner contends, without citation to anything in the record in support, that Ms. Smoaks "honestly misstated where the encounter occurred," and that she would have testified that she returned to the victim's apartment with Petitioner. Doc. 7. This assertion also is inconsistent with the victim's testimony.

"Complaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative." *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980). In this case, Petitioner's assertions regarding what Ms. Smoaks would have testified to are wholly speculative. Such speculative assertions are insufficient to overcome the deference afforded to counsel's strategic decisions regarding what evidence to present. On this record, Petitioner has failed to show that the state court's decision reflects an unreasonable application of *Strickland*.

### Claim 2: Failure to call an officer to testify that no blood was found on the pipe

Petitioner contends that a key issue at trial was whether he struck the victim in the face with his fist or with a pipe, and that trial counsel should have called GPD Officer

Boyd as a witness because he would have testified that there was no blood on the pipe.
Doc. 7. The state court rejected this ineffective-assistance claim on postconviction
review because there was no dispute at trial that no blood was found on the pipe, and
defense counsel argued to the jury that no blood was found on the pipe. The court
therefore concluded that Petitioner had failed to establish the prejudice prong of
*Strickland* on this claim. Doc. 7 Exh. 1.

Petitioner argues that testimony from a law enforcement officer would have
bolstered his self-defense claim. Given that the absence of blood on the pipe was not in
dispute, and that counsel argued as much to the jury, it is wholly speculative to suggest
that any further "bolstering" on this point might have had any effect on the outcome of
the trial. Such speculation falls far short of establishing a "reasonable probability" that
the result of the trial would have been different but for counsel's failure to call a witness
to testify on a matter not in dispute. On this record, Petitioner has failed to show that
the state court's decision reflects an unreasonable application of *Strickland*.

### Claim 3: Failing to call an expert witness to contradict State's experts

Petitioner contends that trial counsel rendered ineffective assistance by failing to
call an expert to testify regarding the cause of the victim's injuries. Doc. 7. At trial, the
State presented the testimony of two physicians. Dr. Coran, stipulated as an expert in
emergency medicine, testified the victim presented with facial trauma. The victim said he
had been struck by a pipe. A CAT scan revealed fractures. Dr. Coran opined the
fractures were moderately severe, and were consistent with a blunt trauma as could be
inflicted with a pipe. Counsel did not inquire on cross-examination whether a fist could
have caused the same injuries. Dr. Griffen, stipulated as an expert in neuroradiology,

opined that the victim suffered multiple facial bone fractures, and described them in detail.  Dr. Griffen was not cross-examined.  App. Exh. B.

In rejecting this ineffective-assistance claim on postconviction review, the state court termed Petitioner's claim "conclusory and speculative," and without any factual support.  The court found that "[a]ccordingly, it is without merit."  Doc. 7 Exh. 2.

Petitioner points to nothing in the record that suggests there was any error in the state court's determination that the claim lacked any factual support.  It is wholly speculative to contend that an expert was available who would have testified that the victim's injuries might have been caused by a blow from a fist rather than a pipe.  Further, Petitioner has not shown that there is a reasonable probability that but for counsel's failure to present such testimony he would not have been found guilty of aggravated battery.   On this record, Petitioner has failed to show that the state court's decision reflects an unreasonable application of *Strickland*.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  Therefore, the undersigned recommends that the district court deny a certificate of

appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 28th day of June 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**